UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00336-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ANTONIO MOSLEY,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on the *pro se* "Affidavit" (#78) of defendant, which appears to be directed to this court, even though this action is on appeal to Court of Appeals for the Fourth Circuit. Initial review of such "affidavit" reveals that it is unrelated to the appeal and is apparently an attempt by defendant to have this court issues a warrant for the arrest of another person. In pertinent part, Rule 37, Federal Rules of Criminal Procedure, provides, as follows:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed.R.Crim.P. 37(a). Having considered the pending motion in light of Rule 37, the court will consider the Affidavit to be a motion and deny the relief sought therein.

In this affidavit, defendant gives his version of being shot during a drug deal gone bad, an event which eventually led to him being charged with possession of a firearm by a convicted

felon. In his affidavit, he contends that he was coming to the aid of friend who was being robbed during a drug transaction, and that the counterparty to the transaction saw him approach and shot him. At the conclusion of the affidavit, defendant requests issuance of a federal criminal complaint and warrant for his friend, whom he contends gave false testimony before the Grand Jury when he identified defendant as the source of his cocaine.[1]

Unlike the North Carolina court system, which allows any citizen to apply to a judicial officer and seek issuance of a criminal complaint and warrant, the federal system does not have any provision for a judge to issue a complaint or warrant based on a complaint of a private citizen. It has long been held that federal courts have no jurisdiction over criminal cases except where those cases are prosecuted by the United States Attorney. Confiscation Cases, 74 U.S. 454 (1869). As the Court of Appeals for the Fourth Circuit has held, "[ n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir.1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973)). The decision as to which criminal cases are brought before the court for prosecution in this court is a matter vested solely with the United States Attorney General and his United States Attorneys. Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2nd Cir. 1973). If defendant is aware of any violation of federal law, he should contact the Federal Bureau of Investigation or another federal law enforcement agency with such concerns, not this court.

---

[1] While not part of the affidavit, the court recalls, relevant to the alleged Grand Jury testimony of defendant's friend, that defendant received a four level increase in offense level inasmuch as the possession of the firearm was determined to be in connection with another felony offense, to wit, drug trafficking. USSG §2K2.1(b)(6)(B). At the sentencing hearing, defendant raised the same concern expressed herein, that his friend "lied to the Grand Jury," Sentencing Transcript at 26, as to his involvement in the underlying drug transaction. While defendant's objection to the four-level increase was overruled, the court did vary downward one level based on its determination that defendant had fully accepted responsibility and should be sentenced on par with those who had fully accepted responsibility in similar circumstances. The court then sentenced defendant at the bottom of the applicable advisory guidelines range.

# ORDER

**IT IS, THEREFORE, ORDERED** that the "Affidavit" (#78) is stricken as non-justiciable.

Signed: October 16, 2013

Max O. Cogburn Jr.
United States District Judge