UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00336-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **ANTONIO MOSLEY,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's pro se, post-trial, post-sentencing, and post-appeal Motion for All Discovery (#83), Motion for Order to Disclose Grand Jury Transcripts (#84), and Motion to Subpoena Mecklenburg County Jail Recorded Telephone Conversation (#85).

The Mandate of the Fourth Circuit, affirming this court's Judgment, is presently stayed due to the "filing of a petition for rehearing or rehearing en banc or the timely filing of a motion to stay the mandate….." Thus, this matter remains on direct appeal; however, in accordance with Rule 37(a)(2), Federal Rules of Criminal Procedure, the court may address the instant motions filed with this court as they in no way impact the ongoing appeal.

Review of the motions reveal that defendant has filed what would-be routine discovery motions, typically filed in the discovery phase of a criminal case. In this case, a Standard Discovery Order (#10) was entered October 28, 2011, and defendant had until the end of December 2011 to file any and all discovery motions and up to 12 days before the trial term to file requests for issuance of subpoenas. The time for discovery has long passed and defendant's motions are frivolous and will be summarily denied.

1

The court remains cognizant of defendant's voluminous pro se pretrial filings. Indeed, the court recalls at the first sentencing hearing defendant stating that "I want my motion in discovery," and the court recessed that hearing to allow defendant time to review his file, the discovery that was provided via the open file policy, and reconsider his plea. At that time, plaintiff's theory was that he could not be charged because the initial criminal complaint and warrant for his arrest lacked probable cause and that he had decided to plead guilty because the government threatened to supersede the indictment and charge him with more severe offenses if he did not plead. At sentencing, defendant continued to express concern over why others had not been charged in the same incident. After having time to review his discovery with his attorney, defendant asked the court to accept his plea and enter a sentence.

A second sentencing hearing was held, and the court varied downward and gave defendant a sentence at the bottom of his new guideline range. The court was compelled to vary inasmuch as the government believed that defendant did not deserve the third-point for acceptance of responsibility based in large part on his pro se filings.

Plaintiff is advised that while his pleadings do not frustrate the court, repetitive filings of frivolous requests is a disservice to himself and wastes his own valuable resources on postage. The court understands that defendant's concerns center on his belief that his arrest was not based on probable cause and that statements he made to law enforcement may have been obtained in violation of <u>Miranda</u>. After exhausting his direct appeals, defendant is advised that the proper manner to raise such claims at this point is in a Motion for Relief under Section 2255 claiming ineffective assistance of counsel for counsel's alleged failure to file appropriate motions to pursue such defense theories. If defendant decides to file a Section 2255 motion, he should contact the Clerk of Court for forms for filing such a motion. He is advised that such motions

are *collateral* motions and are typically filed *after* exhausting a direct appeal. In any event, a Section 2255 motion must be filed within one year of when the Judgment in this matter becomes final or such motion becomes time barred.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se, post-trial, post-sentencing, and post-appeal Motion for All Discovery (#83), Motion for Order to Disclose Grand Jury Transcripts (#84), and Motion to Subpoena Mecklenburg County Jail Recorded Telephone Conversation (#85) are **DENIED** as frivolous in accordance with Rule 37(a)(2).

Signed: 2/21/2014

Max O. Cogburn Jr.
United States District Judge