UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00336-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>)<br>)<br>Vs. )<br>)<br>**ANTONIO MOSLEY,** )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the court on defendant's Motion for Order to Disclose Grand Jury Transcript for the Purposes of Collateral Attack Mosley Conviction and his Sentence on 28 U.S.C. § 2255 (#99). Defendant filed a similar motion while his conviction was on direct appeal and the court advised defendant at that time, as follows:

> While defendant is correct that the court has the discretion to provide for discovery under the Rule Governing § 2255 Proceedings, the exercise of such discretion is dependent on petitioner first filing a Motion to Vacate, Set Aside, or Correct a Sentence under Section 2255 in a civil action that it timely, signed under penalty of perjury, and states a colorable claim. Rule 6 provides in relevant part as follows:
> **Rule 6. Discovery**
>
> (a) **Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) **Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

> Before reaching Rule 6, Rule 4 provides for initial screening of petitions, and Rule 5 provides for the filing of an Answer and a Reply to petitions that survive the screening process. It is only after the issues join that Section 2255 discovery is possibly available under Rule 6.

Despite that advice, defendant has again filed his discovery motion in advance of filing his Section 2255 petition.

There are provisions of the Federal Rules of Civil Procedure that allow parties to engage in certain court sanctioned pre-filing discovery. Fed.R.Civ.P. 27. In an abundance of caution, the court has reviewed Rule 27 to determine whether it could be applicable to defendanyt's Section 2255 claim. Unlike the situation anticipated by Rule 27, the testimony which defendant seeks has already been "perpetuated" and will be accessible by the court for review in the event defendant's claim survives initial screening and any motion to dismiss.

Defendant is again advised that he needs to first file his Section 2255 petition with the court, under penalty of perjury, setting forth his claims supporting his contention that he is being held unlawfully. Defendant is further advised that under the AEDPA, he has only one year from his conviction becoming final to file his petition, that he can only file one petition without securing leave from the Fourth Circuit, and that he should set forth each and every claim he has in that petition. Section 2255 forms are available from the Clerk of Court and any such claim must be signed under penalty of perjury.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Order to Disclose Grand Jury Transcript for the Purposes of Collateral Attack Mosley Conviction and his Sentence on 28 U.S.C. § 2255 (#99) is DENIED without prejudice.

Signed: 5/16/2014

Max O. Cogburn Jr.
United States District Judge