IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CR-336-RJC
3:14-CV-399-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTONIO MOSLEY | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon the defendant's motions for grand jury transcripts. (Case No. 3:11-cr-336, Doc. No. 112; Case No. 3:14-cv-399, Doc. No. 66).

The defendant was charged on September 19, 2011, for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). (Case No. 3:11-cr-336, Doc. No. 3: Complaint, Doc. No. 4: Warrant). He was later indicted for the same charge on October 18, 2011, (Id., Doc. No. 8), and entered a guilty plea without the benefit of a plea agreement on February 22, 2012, (Id., Doc. No. 16: Acceptance and Entry of Guilty Plea). The defendant was sentenced to 100 months' imprisonment on January 7, 2013, (Id., Doc. No. 67: Judgment), and his conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on January 28, 2014, in an unpublished opinion, (Id., Doc. No. 80).

The defendant filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on July 22, 2014, alleging ineffective assistance of counsel and prosecutorial vindictiveness resulting in a longer sentence than he should have received. (Case No. 3:14-cv-399, Doc. No. 66). In the instant motions, the defendant seeks grand jury transcripts of two witnesses who allegedly gave false testimony about his possession of the gun. (Case No. 3:11-cr-336, Doc. No. 112: Motion at 4-6). The defendant claims the witness recanted and told him

about their untruthful testimony used to indict him. (Id. at 7).

When a witness recants, a defendant is not automatically granted a new trial because the question remains whether a jury would probably have reached a different result hearing the new information. United States v. Lighty, 616 F.3d 321, 374 (4th Cir. 2010). Additionally, in order to obtain grand jury material protected by Federal Rule of Criminal Procedure 6(e), a defendant must make a strong showing of particularized need, such as to impeach a witness at trial. United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958). Here, the defendant waived his right to confront witnesses against him at trial when he pled guilty to possessing the firearm. (Case No. 3:11-cr-336, Doc. No. 72: Plea Hr'g Tr. at 4-7). That plea was consistent with the statement he made to law enforcement prior to indictment about shooting the gun defending against an apparent drug transaction robbery in a Wal-Mart parking lot. (Id., Doc. No. 3: Complaint Affidavit at 1-2). Accordingly, the defendant has failed to make a strong showing of particularized need for the witnesses' grand jury transcripts.

**IT IS, THEREFORE, ORDERED** that defendant's motions (Case No. 3:11-cr-336, Doc. No. 112; Case No. 3:14-cv-399, Doc. No. 66), are **DENIED**.

Signed: February 5, 2016

Robert J. Conrad, Jr.
United States District Judge